IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ERNEST ASTORGA,

            Plaintiff,

vs.                                     Case No. 21-3108-SAC

ANDREW DEDEKE and
MELISSA WARDROP,

            Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Leavenworth County Jail. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A and to consider pending motions.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

The complaint names Andrew Dedeke, the Leavenworth County Sheriff, and Melissa Wardrop, a nurse at the Jail, as defendants. Plaintiff alleges that he has been at the Jail in administrative segregation for three years awaiting resentencing and that he has pending a conditions of confinement lawsuit in state court which is on remand for further proceedings from the Kansas Court of Appeals. See Astorga v. Leavenworth County Sheriff, 2020 WL 6533282 (Kan.App. 11/6/2020). As far as the court knows, that case is still pending.

Plaintiff alleges that he has been "denied mental health" and that he has been "traumatized" by "officers opening seg doors so that myself and other seg inmates can fight." Plaintiff also alleges that defendant Dedeke refused to release plaintiff from segregation and that defendant Warlop uses Dedeke's staff "to pass out meds with no license."

Plaintiff claims in Count I that the Kansas Court of Appeals has ruled that his conditions of confinement break the law. He also claims that defendant Dedeke has refused to release plaintiff from segregation and refused to provide qualified mental health care. Plaintiff alleges in Count II that defendant Warlop has refused to change plaintiff's thyroid medication and has refused to advise plaintiff of his thyroid levels. Finally, in Count III plaintiff asserts that defendant Wardrop is unqualified to train others to pass out medication or to provide mental health care. Plaintiff seeks release from segregation and monetary damages.

III. Monetary damages

The complaint asks for an award of compensatory damages without alleging a physical injury or commission of a sexual act. Such a claim is barred under 42 U.S.C. § 1997e(e) which states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

4

IV. Segregation

Plaintiff alleges that being in "segregation" for three years has violated his constitutional rights. Plaintiff, however, does not specifically describe what conditions in segregation deprive him of basic human needs or might otherwise violate the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994)(Eighth Amendment protects against sufficiently serious deprivations of food, clothing, shelter, medical care or safety of inmates done with deliberate indifference to the risk of serious harm). Nor does it describe with any specificity conditions that are atypical and significant in relation to the ordinary incidents of prison life and thus implicate his liberty interests under the Due Process Clause. See Wilkinson v. Austin, 545 U.S. 209, 221-23 (2005)(inmates enjoy liberty interest against atypical and significant hardships on inmates in relation to ordinary incidents of prison life when taken without due process of law).

In similar situations, courts have dismissed complaints made about conditions in segregation for failure to state a claim. Trotter v. Pfeiffer, 2019 WL 6918199 *8 (E.D.Cal. 12/19/2019); Brunello v. Limbalm, 2019 WL 4060869 *2 (W.D.Ky. 8/28/2019); Morris v. Engelage, 2018 WL 3729281 *2 (S.D.Ill. 8/6/2018); Matthews v. Wiley, 744 F.Supp.2d 1159, 1172 & 1177 (D.Colo. 2010).

V. Denial of mental health care

As with plaintiff's general claims regarding "segregation," plaintiff's conclusory assertion that he was denied mental health treatment is too vague to state a plausible constitutional claim. Shunn v. Benson, 2020 WL 1666791 *8 (D.Idaho 4/2/2020); Wade v. Paisle, 2019 WL 2142108 *2 (E.D.Cal. 5/16/2019); Bridges v. Federal Bureau of Prisons, 2018 WL 9458201 *4 (D.Colo. 4/10/2018).

VI. More specific allegations

Plaintiff does more specifically allege that cell doors were opened so inmates could fight; that unqualified persons passed out medications; and that his thyroid medication was not changed and his thyroid levels were not reported.

These allegations fail to state an Eighth Amendment violation. An Eighth Amendment claim must satisfy two requirements. First, the deprivation alleged must be objectively, sufficiently serious. Farmer, 511 U.S. at 834. Second, a prison official must know of and disregard an excessive risk to inmate health or safety. Id. at 837. Negligent conduct or a disagreement over course of medical treatment does not implicate the Constitution. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)(medical negligence does not violate the Eighth Amendment); Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(a disagreement with medical staff over a course of treatment does not give rise to a constitutional violation).

Here, plaintiff does not allege a serious injury from opening the cell doors or that his medical care has led to a serious risk to plaintiff's health that a defendant was aware of and disregarded.

VII. Pending motions

Plaintiff has filed a motion for injunction (Doc. No. 6) and a motion to produce (Doc. No. 9). Both motions concern the production of a "bank statement" for plaintiff's jail account. Plaintiff has been granted leave to proceed in forma pauperis and, although there has been a mixup perhaps in the payment of plaintiff's initial partial filing fee, the court is not convinced that the payment of the partial filing fee will ultimately be an obstacle to proceeding with this case. Therefore, the court will deny plaintiff's motion for an injunction and motion to produce without prejudice to plaintiff again asking for similar relief if it later appears that the denial of access to his account information is preventing this case from moving forward or has caused an unfair assessment.

Plaintiff has also filed a motion for appointment of counsel. Doc. No. 3. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115

(10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff faces difficulties in presenting the facts and law concerning his case. This is a relatively simple and straightforward case, however, and plaintiff has been able to present his legal and factual contentions to the court. Considering all of the circumstances, including that the merits of the case are not clear, the court shall deny plaintiff's motion for appointment of counsel without prejudice to his bringing the motion again at a later time.

VIII. Conclusion

In conclusion, the court finds that plaintiff has failed to state a claim for relief and the court shall grant plaintiff time until June 30, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case. Plaintiff's motion to appoint counsel (Doc. No. 3) is denied without prejudice to being renewed at a later time. Plaintiff's motions for injunction (Doc. No. 5)

and to produce (Doc. Nos. 6 and 9) are also denied without prejudice.

**IT IS SO ORDERED.**

Dated this 1st day of June 2021, at Topeka, Kansas.


                                s/Sam A. Crow_____
                                U.S. District Senior Judge