IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ERNEST ASTORGA,

           Plaintiff,

vs.                                    Case No. 21-3108-SAC

ANDREW DEDEKE and
MELISSA WARDROP,

           Defendants.

**O R D E R**

On June 1, 2021, the court entered a screening order directing plaintiff to show cause by June 30, 2021 why this case should not be dismissed or file an amended complaint which corrects the deficiencies found in the original complaint. Doc. No. 11. Plaintiff has filed an amended complaint on a form for bringing an action under 42 U.S.C. § 1983. Doc. No. 15. He has also filed a document docketed as a "response." Doc. No. 14. The court in this order shall screen the amended complaint and also consider the response. The court shall apply the screening standards set forth in the first screening order. Doc. No. 11, pp. 1-3.

I. <u>The amended complaint</u>

The allegations in the amended complaint are not substantially different from the allegations in the original complaint. Plaintiff asserts that he has been housed in "segregation" at the Leavenworth County Jail for three years. He

1

further alleges that he has asked for "mental health" for the past two years, which was provided at first and now is denied on the grounds that the jail is a short-term facility.

Plaintiff also claims that his cell door was left open and he had to fight another inmate which has caused him to suffer worse PTSD symptoms than when he arrived. Plaintiff alleges that he can't get sleep because there is too much movement and he doesn't know if his cell door will be opened again.

Plaintiff further claims that defendant Wardrop has stated that she has the right to certify staff to pass out medication and that she can handle mental health, although she has had only a six-month psychology class.

Plaintiff asserts that his legal mail is being opened. Finally, he contends that defendant Wardrop refuses to give plaintiff lab results and thyroid levels, and that his thyroid dose is making him sick.

## II. Screening

As the court explained in the previous screening order at pp. 4-5, plaintiff's allegations regarding segregation, the denial of mental health, and the opening of legal mail are too vaguely described to state a claim for relief. In addition, plaintiff does not allege facts in the amended complaint showing that either defendant was responsible for his cell door being left open, for

plaintiff fighting another inmate, or for plaintiff's legal mail being opened.

Finally, the amended complaint does not allege facts showing that plaintiff's thyroid medicine trouble is a substantially serious problem which rises to the level of an Eighth Amendment issue.  The amended complaint does not show that defendant Wardrop is responsible for setting the dose.[1]  It also does not show that the refusal to give plaintiff lab results and thyroid levels is an intentional or reckless disregard of an excessive risk to plaintiff's health and safety.

To state an Eighth Amendment claim for an unconstitutional denial of medical care, plaintiff must allege omissions or acts which are sufficiently harmful to suggest deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). This standard has an objective and a subjective component. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The subjective part of the deliberate indifference test "requires the plaintiff to present evidence" that an official "'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm

---

[1] Plaintiff's response, Doc. No. 14, p. 3, indicates that a doctor prescribed a higher dose of medication, but that plaintiff has not been given the name of the doctor.

3

exists, and he [or she] must also draw the inference.'" Id., quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court in Farmer "analogized [the deliberate indifference] standard to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm." Id. at 752. This may be demonstrated with circumstantial evidence. Id.

Plaintiff does not allege facts showing that either defendant knew of and disregarded an excessive risk to plaintiff's health as they took actions relating to plaintiff's thyroid treatment and evaluation. Plaintiff only asserts generally that there has been no response to his complaint that his thyroid medication dose is making him sick and that he has not received lab results.[2] "The subjective component is not satisfied where the plaintiff simply complains of an 'inadvertent failure to provide adequate care, negligent misdiagnosis, or ... difference of opinion with medical personnel regarding diagnosis or treatment.'" Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018)(quoting Clemmons v. Bohannon, 956 F.2d 1523, 1529 (10th Cir. 1992); see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment"). At most, the amended complaint vaguely

---

[2] An exhibit to plaintiff's amended complaint indicates that plaintiff has been managing his own dose since February 2021 and has not been sick.

4

describes a difference of opinion regarding a drug dosage and the sharing of information. This does not rise to the level of an Eighth Amendment violation.

III. Response

Plaintiff's response repeats allegations contained in the amended complaint and asserts that he can prove his allegations if he has access to his requests to the jail and the responses. The response also states that the jail administration has refused to provide any information regarding medical treatment and complaints. The court believes that plaintiff has had a sufficient opportunity to allege facts which state a claim for relief, whether or not he has access to copies of his jail grievances and requests, and the responses to those requests.

Plaintiff also refers to habeas relief. However, a habeas action is generally not appropriate to challenge conditions of confinement. A civil rights action under § 1983 is the proper avenue for bringing such a claim. Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). The court has analyzed plaintiff's claims as a § 1983 action.

IV. Appointment of counsel

Plaintiff has filed a second motion for appointment of counsel. Doc. No. 16. Plaintiff refers to his state court litigation where counsel has been appointed. In deciding whether to appoint counsel, the district court should consider "the merits

of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).

The court shall not appoint counsel. The factual presentation required by the law at this stage of the case is not overly complex in the court's opinion. It is something within a pro se plaintiff's capability, particularly one with plaintiff's experience in litigation. Considering all of the circumstances, the court shall deny the second motion for appointment of counsel.

V. Conclusion

For the above-stated reasons, the court finds that the amended complaint fails to state a claim. Plaintiff's motion for appointment of counsel (Doc. No. 16) shall be denied. The court has no grounds to believe that additional opportunities to amend the complaint will be fruitful. Therefore, this case shall be closed.

**IT IS SO ORDERED.**

Dated this 2nd of July 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge